United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KATIUSKA CARDENTEY BLANCO *on behalf of* CARLOS OMAR CARDENTEY BLANCO | § § § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-248 |
| | § | |
| KRISTI NOEM *et al.* | § | |

## ORDER

Katiuska Cardentey Blanco initiated this habeas proceeding, as next friend of her brother, Carlos Omar Cardentey Blanco (*see* Dkt. No. 1). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** that the requirements are met **no later than March 13, 2026**.

## I.    BACKGROUND

On February 19, 2026, the Court received a Petition for habeas corpus pursuant to 28 U.S.C. § 2241, executed by Katiuska Cardentey Blanco on Carlos Omar Cardentey Blanco's behalf (*see* Dkt. No. 1). According to the Petition, Carlos, a Cuban national, is detained by immigration authorities at the La Salle County Regional Detention Center (Dkt. Nos. 1 at 4; 1-1 at 29). Petitioner requests "immediate release" (Dkt. No. 1 at 11).

Setting aside the possible limitations for the relief sought,[1] the Court identified deficiencies in Petitioner's pleading, which may preclude its subject matter jurisdiction

---

[1] *See* 8 U.S.C. § 1252(g) (the executive branch has exclusive jurisdiction to adjudicate cases); § 1252(b)(9) (if claims "arise from" removal proceedings, federal courts lack jurisdiction); § 1252(a)(5) (the only means of obtaining judicial review of a final order of removal, deportation, or exclusion is by filing a petition with a federal court of appeals).

1

over this matter. Katiuska has not satisfied the requirements to represent Carlos as a next friend, nor does Katiuska appear to be a licensed attorney.

## II.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

## III.  DISCUSSION

### A.  Petitioner Does Not Satisfy the *Weber* Framework

Here, Katiuska claims she is Carlos's sister, and brings this action because Carlos's "condition, presents practical limitations in accessing legal resources, legal counsel, and effective communication, which prevents him from filing this action on his own." (Dkt. No. 1 at 4). However, Katiuska goes no further in explaining what prevents Carlos from signing and verifying the petition.

First, a petitioner "must also set forth an adequate reason or explanation of the necessity for resort to the next friend device." *Burruss*, 2023 WL 319955, at *3 (citation modified) (quoting *Weber*, 570 F.2d at 514). *Weber* sanctioned several justifications,

including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)). The fact that Carlos is detained, on its own, is not sufficient to justify next friend status.

Similarly situated habeas petitioners are **<u>all</u>** detained, yet they manage to prepare and file their writs. This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Petitioner] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026). Absent a proper justification, affording Carlos flexibility here would create a fundamental unfairness, as others are not granted the same accommodation.

Second, although Katiuska's status as Carlos's sister satisfies the significant relationship requirements of *Weber*, alone, it does not expressly establish that Katiuska is truly dedicated to Carlos's best interests. *Whitmore*, 495 U.S. at 163 (a next friend must have some significant relationship with and be truly dedicated to the petitioner). Ultimately, the burden lies with the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court," and the Court finds that Katiuska has yet to do so. *Whitmore*, 495 U.S. at 164 (citations omitted).

Finally, Katiuska does not allege that she is a licensed attorney. Unless next friend status has otherwise been established, that fact ordinarily bars a court from exercising subject matter jurisdiction over these proceedings. *See Smith v. White*, 857

F.2d 1042, 1043 (5th Cir. 1988) (signatures of non-attorneys are generally ineffective to initiate proceedings on the behalf of non-signor prisoners). **Consequently, it is the Court's current interpretation that the instant Petition is subject to dismissal**. *Burruss*, 2023 WL 319955, at *3 (citing *Weber*, 570 F.2d at 514).

## IV.   CONCLUSION

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction. If Katiuska seeks to pursue this action on Carlos's behalf as next friend, she must: (1) adequately explain why Carlos cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) provide proof to support why the circumstances prevent him from representing his own interests; and (3) establish that she is truly dedicated to Carlos's best interests. Petitioner **must** file her response **no later than March 13, 2026**.

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Katiuska Cardentey Blanco via any receipted means at:

    Katiuska Cardentey Blanco
    4218 9th ST SW
    Lehigh Acres, Florida 33976

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Carlos Omar Cardentey Blanco via United States mail at:

Carlos Omar Cardentey Blanco
A-Number: 249-404-745
La Salle County Regional Detention Center
832 E Texas 44
Encinal, TX 78019

It is so **ORDERED**.

**SIGNED** February 27, 2026.

Marina Garcia Marmolejo
United States District Judge